MARY RUTH STINEBAUGH V. STATE.

No. 25755. March 26, 1952.

Hon. Hollis Cathey, Judge Presiding.

G. C. Harris, Greenville, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged with the unlawful sale of intoxicating liquor in a dry area. She pleaded guilty to the charge and was assessed a fine of $500.00.

On the following day she filed a motion for a new trial alleging that she had been misled and unduly influenced into entering the plea. The only statement of facts we have in the record is that heard by the court on this motion. He found the facts against her contention and we are without authority to reverse his action.

The facts heard on the motion for new trial reveal a most

unusual situation. The offense charged is alleged to have taken place a month before the arrest. On the night of the arrest and plea of guilty the officers arrested about thirty others on similar charges and became so busy that they had no time to consider the request of this party to give bond. She is a mother with three small children, all of whom were left at home. She claims that she was promised her liberty to return to them and that this promise induced her to plead guilty and get the matter over with. Such fact is found against her by the court. It was stated by the sheriff, however, that his one deputy who alone was authorized to take bonds had retired for the day and that the sheriff himself told her that he did not have time for her, and wouldn't until the wee hours of the night. He also informed her that he would be strict about the bond. He went about making other arrests and before his return the plea of guilty had been entered.

This court need not speak on the subject but the writer wishes to be understood that in affirming the case he does not do so with approval of all of the procedure thus revealed.

We find no reversible error and the judgment of the trial court is affirmed.